J. WALTER LEE, Appellee, v. J. C. GRIMM, Garnished at suit of plaintiff v. JOHN TEETER, Appellant.

**Exemptions:** PENSION MONEY. One seeking to establish an exemption in property alleged to be partly paid for with pension money must show, not only that such money was invested in the property, but also the exact amount invested.

SAME. One owning certain shares of loan association stock bought real property. For the purchase price he gave a mortgage on said property and pledged said stock. Some pension money was used in payments made on the stock and the buyer intended to mature the stock and pay the mortgage with pension money. *Held*, that the proceeds of selling the real property on execution were not exempt, where the purchaser agreed, as part of the purchase price, to pay the loan and remove all clouds and liens, and the seller still retains the stock. His exemption will be found there.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

THURSDAY, MAY 26, 1898.

THIS is a garnishment proceeding in which plaintiff, Grimm, and others are seeking to subject to the payment of certain judgments against Teeter the amount owing by Grimm to Teeter as purchaser of certain real estate in the city of Iowa City. Teeter intervened, claiming that the property sold to Grimm was and is his homestead; that it had been purchased in part at least with pension money; and that the proceeds of the sale are exempt from execution. The garnishee denied that the proceeds were exempt, and further

pleaded that, by arrangements between Grimm and Teeter, Grimm was to pay all judgments against Teeter. The cause was tried as an equitable one, resulting in a decree dismissing the intervener's petition; and from the order so made intervener appeals.—*Affirmed.*

*Slater & Hunt* for appellant.

*Bailey & Murphy, Fred Cochran,* and *Ira J. Miller* for appellees.

DEEMER, C. J.—Teeter purchased the lot sold to Grimm on or about the tenth day of June, 1893, and immediately went into possession and occupancy of the same. His possession continued until the sale to Grimm, in the early part of June, 1896. At the time of his purchase, Teeter had invested in stock of a building and loan association about eighty-four dollars. The consideration for the lot was nine hundred dollars. Seven hundred and fifty dollars of this he borrowed of the building and loan association in which he held stock, gave a mortgage upon the real estate, and pledged his ten shares of stock in the association as security for the loan. The remainder, to-wit, one hundred and fifty dollars, he borrowed on his individual note, which was renewed from time to time, and finally reduced to judgment. This judgment was of record at the time Grimm purchased, and it is conceded that Grimm was to pay the same as part of the consideration. The sale to Grimm was at public auction, and it was announced and agreed at this sale that all liens or clouds upon the title should be removed, and that the purchaser should satisfy the same. Grimm's bid of one thousand five hundred and twenty-five dollars was accepted, and it is agreed that of this amount he was to pay liens amounting to one thousand two hundred and forty-nine dollars. This sum included the judgment upon the one hundred and fifty dollar note, the mortgage to the building and loan association, and the taxes against the property. The controversy is over the remainder of the purchase price.

The plaintiffs in the garnishment proceedings had all recovered their judgments prior to the sale to Grimm, and the record shows that the debts upon which three of the judgments were obtained were contracted prior to the time Teeter acquired his title. Section 1992 of the Code of 1873 provides that the homestead may be sold on execution for debts contracted prior to the purchase thereof; and, as the debts so contracted amount to more than the balance of the purchase price of the lot now in dispute, it is clear that intervener is not entitled to hold this balance, because of the homestead character of the premises. With his pension money, appellant paid dues upon his stock and interest upon his loan of the building and loan association to the amount of four hundred and eighteen dollars and nine cents. He also claims to have paid thirty-five dollars of the pension money for an old house which he moved upon the premises. The record does not show the exact amount paid as interest upon the loan; nor is there any means by which we can determine the value of the stock owned by Teeter. Grimm, however, agreed to, and did, pay the loan of the building and loan association, and no deductions appear to have been made on account of payments upon the stock.

The evidence clearly shows that Teeter retained his stock in the association, and that the purchaser paid the amount of the loan. As appellant is seeking to establish an exemption, it is incumbent on him to show, not only that he invested his pension money in the property, but the exact amount of such investment. This he has failed to do. At most, he has adduced evidence tending to show that he paid some interest upon the loan, but the exact amount of his payments are not established. His investment seems to have been in stock of the building and loan association, which he still retains, and in this will he find his exemption. The money invested in the lot was borrowed. True, appellant expected to pay the loan with the avails of his pension; but, instead of so doing, he made a contract by the terms of which his vendee agreed to pay the loans as a part of the purchase price. Under such a state

of facts, he cannot be heard to say that the avails of the homestead are exempt because of his purpose to pay the purchase price with pension money.    There is no showing that any part of appellant's pension money was invested in the homestead.    Aside from this, however, we are constrained to believe that it was agreed at the time of the auction sale that all judgments which might cast a cloud upon the title should be paid by Grimm as part of the purchase price.    The judgments held by the appellees were all apparent liens, and were, as we think, in contemplation of the parties at the time the sale was made. This finding is alone sufficient to justify the decree.— AFFIRMED.